**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NOELVIS CABREJA LIRANZA,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | Case No.: 2:26-cv-00680-JLT-SKO (HC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION<br><br>[21-DAY OBJECTION DEADLINE] |

Petitioner is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition on March 2, 2026, challenging his continued detention by the Bureau of Immigration and Customs Enforcement ("ICE"). (Doc. 1.) He claims that he is wrongfully detained despite his agreement to voluntarily depart from the country.

For the reasons discussed below, the Court will recommend the petition be dismissed without prejudice.

1

## I.    BACKGROUND

Petitioner is a citizen of Cuba who entered the United States without inspection on or about October 14, 2024. (Doc. 5-3 at 1.)  He states he was detained by ICE on or about February 3, 2026. (Doc. 1 at 2.)

Petitioner acknowledges that he has agreed to voluntarily depart the country. (Doc. 1 at 2.) According to documents submitted by Respondents, on December 11, 2025, Petitioner agreed to withdraw his application for admission, concede his inadmissibility, and voluntarily depart.  (Doc. 5-1 at 2.) Petitioner signed a declaration stating he understood he would be removed and would remain detained in DHS's custody pending departure. (Doc. 5-1 at 3-4.)

On December 18, 2025, an Immigration Judge granted the joint motion to withdraw Petitioner's application for admission. (Doc. 5-2 at 3.) Petitioner waived his right to a full hearing before an Immigration Judge. (Doc. 5-1 at 3, 5-2.) He also waived his right to appeal. (Doc. 5-1 at 2.)

Petitioner has been detained approximately one month since he agreed to voluntary departure. Respondents state they are working on travel arrangements for Petitioner to Cuba.

## II.    DISCUSSION

### A. Summary Dismissal

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  The provisions of Rule 4, which are applicable to § 2241 petitions under Rule 1(b), provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

### B. Jurisdiction

A district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to

immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020) (citing Singh v. Holder, 638 F.3d 1196, 1211–12 (9th Cir. 2011)). Pertinent here, the Supreme Court specifically directed that federal courts have jurisdiction to review a constitutional challenge to a non-citizen's detention. See Demore v. Kim, 538 U.S. 510, 517 (2003).

C. Petitioner's Detention is Proper

As noted above, Petitioner agreed to a voluntary departure. He also signed a declaration stating he understood he would remain in detention pending removal. Respondents indicate they have all of Petitioner's identification documents including his unexpired passport, and they are working diligently to make travel arrangements to Cuba. (Doc. 5-3.) Petitioner fails to show that his current detention is unlawful.

D. Petitioner's Detention is not Unreasonably Prolonged

The Fifth Amendment's Due Process Clause provides that "[n]o person shall be ... deprived of life, liberty, or property, without due process of law." "It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings," Reno v. Flores, 507 U.S. 292, 306 (1993), and "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem," Zadvydas v. Davis, 533 U.S. 678, 690 (2001). The Supreme Court nevertheless has recognized that "[d]etention during deportation proceedings is a constitutionally permissible part of [the deportation] process." Demore v. Kim, 538 U.S. 510, 531 (2003); see also Carlson v. Landon, 342 U.S. 524, 538 (1952) ("[d]etention is necessarily a part of this deportation procedure").

Petitioner states he has been in continuous detention since February 3, 2026.  In Zadvydas v. Davis, the Supreme Court held that a detention period less than six months is presumptively reasonable as to aliens detained pursuant to 8 U.S.C. § 1226(a)(6) who are subject to a final order of removal. 533 U.S. 678 (2001). Beyond that six-month period, the alien must "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. at 701. In Demore v. Kim, the Supreme Court noted that shorter detention periods during removal proceedings lasting roughly between a month and a half to five months are a "constitutionally permissible part of [the removal] process." 538 U.S. 510, 530 (2003).

Petitioner's one-month detention does not qualify as unreasonably prolonged. And since he is not subject to a final order of removal, Zadvydas is not applicable. Even if Zadvydas were applicable, the one-month period is well within the six-month presumptively reasonable period discussed in Zadvydas.

### RECOMMENDATION

For the foregoing reasons, the Court RECOMMENDS that the petition be DISMISSED without prejudice.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **March 13, 2026**                     /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE

4