**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NOELVIS CABREJA LIRANZA, <br><br> Petitioner, <br><br> v. <br><br> WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, et al., <br><br> Defendants. | Old Case No. 2:26-cv-00756 TLN SCR <br> New Case No. 2:26-cv-00756 JLT SKO <br><br> ORDER RELATING CASES AND REASSIGNING DISTRICT JUDGE AND MAGISTRATE JUDGE <br><br> ORDER CONSOLIDATING CASES |
| NOELVIS CABREJA LIRANZA, <br><br> Petitioner, <br><br> v. <br><br> WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, et al, <br><br> Defendants. | Case No. 2:26-cv-00680 JLT SKO <br><br> ORDER CONSOLIDATING CASES |

Pursuant to Local Rule 123, the Court finds that the above actions are related under this Court's Local Rule 123 because they involve overlapping parties, properties, claims, events and/or questions of fact or law. Accordingly, assignment of the actions to the same district judge and magistrate judge will promote convenience, efficiency, and economy for the Court and parties. Thus, the Court **ORDERS** that Case No. 2:26-cv-00756 TLN SCR is reassigned to U.S.

1

District Judge Jennifer L. Thurston and U.S. Magistrate Judge Sheila K Oberto and shall bear the **New Case No. 2:26-cv-00756 JLT SKO**.

In addition, this Court has broad authority to control its own docket, including the authority to "dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions" after "weighing the equities of the case[.]" *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008). The Court's discretion over these matters includes the power to undertake consolidation sua sponte. *Martinez v. LVNV Funding LLC*, No. 1:24-cv-01228-JLT-CDB, 2025 WL 347307, at *1 (E.D. Cal. Jan. 30, 2025) (quoting *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855-56 (9th Cir. 2016)). In determining whether consolidation is appropriate, the Court considers any "common question of law or fact," Fed. R. Civ. P. 42(a)(2), and "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984); *see also Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F.Supp.2d 1052, 1057 (S.D. Cal. 2007).

Here, the matters present overlapping questions of law and fact, consolidation will improve efficiency, and it does not appear that consolidation could possibly inconvenience or prejudice any party. Thus, good cause appearing, the Court **ORDERS** that these cases be **CONSOLIDATED**. Case No. 2:26-cv-00680 JLT SKO shall be the lead case.

IT IS SO ORDERED.

Dated:   **March 18, 2026**

_____
UNITED STATES DISTRICT JUDGE